IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF IOWA

```
IN RE:                              )
                                    )    Chapter 7
JOHN A. BROWNER                     )
SHIRLEY A. BROWNER                  )
                                    )
     Debtors.                       )    Bankruptcy No. 05-08146
-------------------------------
JOHN A. BROWNER, et al              )
                                    )    Adversary No. 05-30206-pjk
     Plaintiffs,                    )
                                    )
vs.                                 )
                                    )
KAIZEN CO. OF AMERICA L.C.          )
et al                               )
                                    )
     Defendants.                    )
```

**ORDER RE NOTICE OF REMOVAL AND
MOTION TO REMAND**

This matter came before the undersigned on December 1, 2005 pursuant to assignment.  Plaintiffs/Debtors appeared pro se by John Browner.  Attorney Michael Burn appeared for Defendants Kaizen Company and Ruhl Development LLC.  Attorney Hugh Pries appeared for Defendant Stanley, Lande, Hunter. After hearing the arguments of the parties, the Court took the matter under advisement.

**STATEMENT OF THE CASE**

Debtors filed a Chapter 7 petition on October 5, 2005. They have an action pending in Scott County Iowa District Court concerning identity theft and forgery relating to a 1995 deed.  They assert they cannot get a fair trial in Scott County and filed a Notice of Removal to move the action to Bankruptcy Court.  Defendants resist removal and assert a Motion to Remand.  They assert the case is not a core proceeding.  Furthermore, a Motion to Dismiss is pending in Scott County District Court.

It is apparent from the statements made on the record that Mr. Browner has heavily litigated these matters since the

mid-1990's. The underlying facts arose in 1995 and Mr. Browner has been involved in at least five lawsuits regarding these issues since that time. Mr. Browner feels deeply aggrieved about these matters but has not been successful in litigation. Defendants assert that there would be no benefit to the bankruptcy estate in allowing removal of the Debtor's state court case.

## CONCLUSIONS OF LAW

Remand of a case removed to the bankruptcy court's jurisdiction under 28 U.S.C. § 1452(a) and Bankruptcy Rule 9027 is governed by 28 U.S.C. § 1452(b). Section 1452(b) states:

> The court to which such a claim or cause of action is removed may remand such claim or cause of action <u>on any equitable ground</u>.

28 U.S.C. § 1452(b) [emphasis added]. There are numerous factors that courts consider in determining whether there are equitable grounds for remand under § 1452(b). <u>Transamerica Fin. Life Ins. Co. v. Merrill Lynch & Co., Inc.</u>, 302 B.R. 620, 628-29 (N.D. Iowa 2003) (Reade, J.). These factors include:

> whether remand would prevent duplication or uneconomical use of judicial resources; the effect of the remand on the administration of the bankruptcy estate; whether the case involves questions of state law better addressed by a state court; comity; judicial economy; prejudice to involuntarily removed parties; the effect of bifurcating the action, including whether remand will increase or decrease possibility of inconsistent results; the predominance of state law issues and non-debtor parties; and the expertise of the court in which the action originated.

<u>Transamerica</u>, 302 B.R. at 628-29. When ruling on a motion to remand, courts construe all doubts in favor of remand. <u>Green v. Ameritrade, Inc.</u>, 279 F.3d 590, 596 (8th Cir. 2002).

## ANALYSIS

Based on the foregoing, the Court concludes that there are equitable grounds for remand. These matters have already

2

been extensively litigated in Iowa District Court.  Allowing further litigation in this Court would be a waste of judicial resources.  There is no benefit to the bankruptcy estate from allowing Mr. Browner's claims to be brought into the bankruptcy arena.  The issues in the litigation are exclusively state law issues, best left to the state courts.

As this action is remanded to Iowa District Court in Scott County, it is appropriate to lift the automatic stay to allow the parties to proceed in that court.

**WHEREFORE**, Defendant's Motion to Remand is GRANTED.

**FURTHER**, this action is remanded to Iowa District Court in Scott County.

**FURTHER**, the automatic stay is lifted to allow this action to proceed in Iowa District Court.

DATED AND ENTERED: December 13, 2005

*[signature: Paul J. Kilburg]*

PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE